IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01316-BNB

DEMETRIO A. VALERGA, #140338,

      Plaintiff,

v.

JIM NURSEY, Chief of Police,
NEAL ASH, Dective [sic], and
JOHN DOE, Property Sergant [sic],

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Demetrio Valerga, is a prisoner in the custody of the Colorado

Department of Corrections ("CDOC"). Mr. Valerga initiated this action by filing a Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 1, 2010. He

filed a Complaint on June 8, 2010, asserting a cause of action under 42 U.S.C. § 1983

for alleged violations of his constitutional rights. Mr. Valerga filed an amended

complaint on June 28, 2010, adding a second claim for relief. Mr. Valerga has been

granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

The Court will construe the amended complaint liberally because Plaintiff is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint and has determined that it is

deficient. Mr. Valerga asserts that Defendants Ash and John Doe property sergeant for

the City of Thornton violated his Fourteenth Amendment due process rights when they

destroyed and sold property seized from his home by police officers without advance

notice to the Plaintiff. Procedural due process requires notice and a pre-deprivation

hearing before property interests are negatively affected by governmental actors. *See*

*Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972). However, neither negligent nor

intentional random or unauthorized deprivations of property under color of state law are

actionable under § 1983 where a plaintiff has an adequate state post-deprivation

remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S.

527, 541 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327

(1986). Colorado provides a post-deprivation tort remedy for the destruction of property

by public employees, at COLO.REV.STAT. § 24-10-118, if the claimant follows the

procedures outlined in § 24-10-109, C.R.S. *See Durre v. Dempsey*, 869 F.2d 543,

545-48 (10th Cir.1989).

Further, Mr. Valerga does not allege facts to show that Defendant Nursey, the

Chief of Police of the City of Thornton, personally participated in the alleged

constitutional deprivations. In order to state a claim in federal court, Mr. Valerga "must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007). Mr. Valerga is advised that personal participation by the named

defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Valerga must therefore show that·

Defendant Nursey caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Nursey's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant Nursey may not be held liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Valerga may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Powell uses a fictitious name, he must provide sufficient information about the defendant so that the defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, **Demetrio A. Valerga,** file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to **Mr. Valerga,** together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if **Mr. Valerga** fails to file a second amended complaint that complies with this order within the time allowed, the Court will dismiss Plaintiff's claims against Defendant Jim Nursey for failure to allege facts to show that Defendant Nursey personally participated in a constitutional violation.

DATED August 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01316-BNB

Demetrio A. Valerga
Prisoner No. 140338
Delta Correctional Center
4102 Sawmill Mesa Road
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk