IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01316-BNB

DEMETRIO A. VALERGA, #140338,

    Plaintiff,

v.

JIM NURSEY, Chief of Police,
NEAL ASH, Dective [sic], and
JOHN DOE, Property Sergant [sic],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Demetrio Valerga, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Delta Correctional Center. He filed *pro se* a Complaint on June 8, 2010 asserting a cause of action under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights. Mr. Valerga filed an amended complaint on June 28, 2010. On August 5, 2010, the Court ordered Mr. Valerga to file a second amended complaint within thirty days. Plaintiff filed a "Notice of Demurrer" on August 16, 2010, but did not file a second amended complaint by the court-ordered deadline. Mr. Valerga has been granted leave to proceed *in forma pauperis*.

The Court must construe the amended prisoner complaint liberally because Mr. Valerga is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Valerga asserts two claims in his amended Complaint. First, he claims that Defendant Ash, a Thornton Police Department Detective, conducted a search of his home pursuant to a warrant in October 2007 and illegally seized a Blackberry cell phone, along with other items listed in the warrant. Second, he claims that Defendant Ash and the Defendant John Doe Property Sergeant for the City of Thornton sold and destroyed his property without first providing notice to the Plaintiff, in violation of his right to due process. Plaintiff seeks monetary relief to compensate him for the seized property, as well as punitive damages.

On August 5, 2010, Magistrate Judge Boyd N. Boland determined that the amended Complaint was deficient for two reasons. First, the Court advised Mr. Valerga that his Fourteenth Amendment due process claim was not actionable under § 1983 if Plaintiff had an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Colorado provides a post-deprivation tort remedy for the destruction of property by public employees, at § 24-10-118, C.R.S., if the claimant follows the procedures outlined in § 24-10-109, C.R.S. *See Durre v. Dempsey*, 869 F.2d 543, 545-48 (10th Cir.1989).

Mr. Valerga states in his "Notice of Demurrer," filed on August 16, 2010, that he filed a "Notice of Intent" with the Colorado Attorney General's Office and the Thornton City Attorney's Office, pursuant to § 24-10-109, C.R.S., on March 10, 2010. He further states that the City of Thornton's insurance company advised him that he could not name individuals in the notice but was required to name the City of Thornton. *Id.* Based on these additional factual allegations, the Court will not address at this time the merits of Mr. Valerga's Fourteenth Amendment due process claim. Instead, this action will be drawn to a district judge and to a magistrate judge.

The second deficiency in Mr. Valerga's amended complaint is his failure to allege facts to show that Defendant Nursey, the Chief of Police of the City of Thornton, personally participated in the alleged constitutional deprivations. Mr. Valerga was advised that personal participation by the named defendants is an essential allegation in a civil rights action, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that he must therefore show that Defendant Nursey caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendant Nursey may not be held liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Valerga now asks the Court to dismiss Defendant Nursey as a party defendant. *See* Notice of Demurrer (Doc. No. 9). Accordingly, it is

ORDERED that Defendant Jim Nursey is DISMISSED as a party to this action, without prejudice, pursuant to Fed. R. Civ. P. 41(a). The Clerk of the Court is instructed

to remove Defendant Jim Nursey as a named party to the suit. The only remaining defendants are Neal Ash, Detective, and John Doe, Property Sergeant. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  15th   day of   September  , 2010.

BY THE COURT:

*Christine M. Arguello* (signature)

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01316-BNB

Demetrio A. Valerga
Prisoner No. 140338
Delta Correctional Center
4102 Sawmill Mesa Road
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/16/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk