IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01316-MSK-BNB

DEMETRIO A. VALERGA,

Plaintiff,

v.

NEAL ASH, Detective, and
JOHN DOE, Property Sergeant,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)  Defendant Ash's **Motion to Stay** [Doc. # 30, filed 1/31/2011];

(2)  Plaintiff's **Motion to Subpoena Records** [Doc. # 28, filed 1/21/2011]; and

(3)  Plaintiff's **Motion to Grant Extension of Time** [Doc. # 37, filed 2/9/2011].

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

Defendant Ash has filed a Motion for Summary Judgment [Doc. # 31] asserting the defense of qualified immunity. Ash argues that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," citing Cummins v. Campbell, 44 F.3d 847, 851 (10th Cir. 1994). The district judge assigned to this case, in Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004), thoroughly analyzed the propriety and scope of the stay required where the defense of qualified immunity is asserted:

Although the Supreme Court recognizes that a well-supported

> claim of qualified immunity should shield a defendant from
> unnecessary and burdensome discovery, invocation of the defense
> is not a bar to all discovery. First, it is essential to recognize that
> because the defense of qualified immunity is limited to particular
> claims against particular individuals, the corresponding protection
> against burdensome discovery is also limited. The defense is
> available only to individual government officials, not
> governmental entities. Furthermore, it is applicable only against
> claims for monetary damages, and has no application to claims for
> declaratory or injunctive relief. Finally, the doctrine is applicable
> only to claims against officers in their individual capacities;
> official-capacity claims, being the equivalent of a claim against an
> entity, are not subject to qualified immunity.
>
> Even where a qualified immunity defense is asserted, some limited
> discovery is still permitted. As the Supreme Court in *Crawford-El*
> [*v. Britton*, 523 U.S. 574, 593 n.14 (1998)] observed, qualified
> immunity does not protect an official from *all* discovery, but only
> from that which is "broad reaching." Limited discovery may be
> necessary when the doctrine is asserted in a motion for summary
> judgment on contested factual assertions.

This case involves a well-supported claim of qualified immunity brought by an individual government official sued in his individual capacity in an action for monetary damages. Consequently, a stay of unnecessary and burdensome discovery is appropriate.

Ash has filed a motion for summary judgment, however, which is supported by evidence in the form of documents and an affidavit. The plaintiff has identified two area where limited discovery is necessary to defend the motion for summary judgment--the "records of custody for the property that was seized" and the identities of "all persons that handled the property" after Ash signed the "Evidence Disposition Form" directing disposal of all of the seized evidence. See Doc. # 31-4. I will allow the plaintiff to serve a deposition subpoena on the Thornton Police Department seeking production of its "records of custody for the property that was seized" and testimony addressing the identity of all persons who handled the seized property after Ash signed

the Evidence Disposition Form on October 8, 2008. The plaintiff shall provide, on or before March 10, 2011, a completed form of subpoena for my execution if he wishes to undertake this discovery.

Because I am granting a stay, with the limited exception described above, I will vacate the Scheduling Order [Doc. # 25, filed 12/14/2010]. I will enter a new scheduling order, if necessary, after the district judge rules on Ash's motion for summary judgment. The plaintiff's Motion to Grant Extension of Time [Doc. # 37] is rendered moot by my decision to vacate the Scheduling Order.

I note, however, that the plaintiff has not sought an extension of time within which to respond to Ash's motion for summary judgment. Nothing in this Order effects that filing deadline, and the plaintiff must file a motion if he wants to extend the deadline for filing a response.

IT IS ORDERED:

(1)   Ash's Motion to Stay [Doc. # 30] is GRANTED with the limited exception that the plaintiff may serve a subpoena on the Thornton Police Department as described herein. In view of the stay of discovery, the Scheduling Order is VACATED;

(2)   Plaintiff's Motion to Subpoena Records [Doc. # 28] is GRANTED IN PART. The plaintiff may serve a deposition subpoena on the Thornton Police Department seeking production of its records of custody for the property that was seized and testimony addressing the identity of all persons who handled the seized property after Ash signed the Evidence Disposition Form on October 8, 2008. To effectuate this part of the Order, the plaintiff shall provide, on or before March 10, 2011, a completed form of subpoena for my execution if he

wishes to undertake this discovery; and

   (3)  Plaintiff's Motion to Grant Extension of Time [Doc. # 37] is DENIED as moot in view of my decision to vacate the Scheduling Order.

  Dated February 24, 2011.

             BY THE COURT:

             s/ Boyd N. Boland
             United States Magistrate Judge