IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01316-MSK-BNB

DEMETRIO A. VALERGA,

Plaintiff,

v.

NEAL ASH, Detective, and
JOHN DOE, Property Sergeant,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause [Doc. #54, filed 7/26/2011]. On July 8, 2011, the court sent a copy of a Memorandum [Doc. #49] to the plaintiff, and I issued an order directing the plaintiff to respond to the defendant's motion for summary judgment [Doc. #50]. The Memorandum and the order were sent to the plaintiff at his address of record in Commerce City, Colorado. The envelopes addressed to the plaintiff were returned as undeliverable because the plaintiff was not known at that address [Docs. #52 and #53].

The plaintiff's last filing in this case was on February 23, 2011 [Doc. #44]. That filing notified the court of the plaintiff's change of address to the location in Commerce City. The court has not received a subsequent notice of change of address from the plaintiff as required by D.C.COLO.LCivR 10.1M.

The plaintiff appeared at a motions hearing on February 24, 2011. The court has had no other contact with him since February 24, 2011. Consequently, I ordered the plaintiff to show cause in writing, on or before August 9, 2011, why the Complaint should not be dismissed for

failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and failure to prosecute.  D.C.COLO.LCivR 41.1.  I cautioned the plaintiff that his failure to respond to the show cause order on or before August 9, 2011, would result in my recommendation that the Complaint be dismissed in its entirety.

The plaintiff did not respond to the order to show cause, and the envelope containing the order was returned as undeliverable.

I respectfully RECOMMEND that the Complaint be DISMISSED for the plaintiff's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 11, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge