IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01316-MSK-BNB

DEMETRIO A. VALERGA,

    Plaintiff,

v.

NEAL ASH, Detective, and
JOHN DOE, Property Sergeant,

    Defendants.

_____

OPINION AND ORDER ADOPTING RECOMMENDATION AND DISMISSING ACTION
_____

**THIS MATTER** comes before the Court pursuant to the August 11, 2011 Recommendation **(# 56)** of United States Magistrate Judge Boyd N. Boland that Mr. Valerga's action be dismissed based on Mr. Valerga's failure to keep the Court apprised of his mailing address pursuant to D.C. Colo. L. Civ. R. 10.1(M).

More than 14 days have passed since the service of that Recommendation, and no party has filed objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon *de novo* review, the Court agrees with the factual findings of the Magistrate Judge, including the observation that Mr. Valerga's last contact with the Court was in February 2011,

and that four mailings **(# 52, 53, 55, 57)** sent to Mr. Valerga's current address of record have been returned by the Postal Service as underliverable.

The Magistrate Judge did not offer any particular analysis explaining how those facts led to the recommendation that the case be dismissed. This Court notes that the 10th Circuit has urged that orders imposing sanctions on parties for violating court rules or orders consider the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992). *Lee v. Max Intern., LLC*, 638 F.3d 1318 (10th Cir. 2011); *Mobley v. McCormick*, 69 F.3d 548 (10th Cir. 1995) (table). Those factors are: (i) the degree of prejudice to the opposing party resulting from the litigant's conduct; (ii) the degree of prejudice to the judicial system; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance of the possible sanctions for noncompliance; and (v) the availability of lesser sanctions. *Id.*

The first and second factors – prejudice to the Defendants and prejudice to the Court – move in tandem. By failing to apprise the Court of an address where he can be reached, Mr. Valerga deprives both the Court and the Defendants of any means to contact him. The Defendants cannot fulfill their obligations under Fed. R. Civ. P. 5(a) to serve Mr. Valerga with copies of filings in this case or to communicate with him regarding scheduling, settlement, and the various other incidents of litigation. Similarly, the Court is unable to reach Mr. Valerga to advise him of orders issued in the case, scheduling matters, and various other information that is essential to the efficient administration of justice. Thus, the Court finds significant prejudice to both the Defendants and the Court from Mr. Valerga's failure to keep the Court advised of his current mailing address.

Next, the Court finds that Mr. Valerga is entirely culpable for the conduct. Local Rule

10.1(M) specifically places the burden on litigants to keep the Court apprised of a current mailing address, and Mr. Valerga filed several notices of change of address **(# 18, 40, 44)** in this case, indicating his understanding that compliance with Local rule 10.1(M) was important. The Court can discern of no other party that would share culpability with Mr. Valerga in this regard.

The fourth factor examines whether Mr. Valerga had been previously warned that failure to keep his address of record current could result in sanctions. The Court finds no instance in the record in which Mr. Valerga was so warned, but this factor carries little weight in light of the degree of prejudice and Mr. Valerga's complete culpability for the conduct.

Finally, the Court turns to the question of whether sanctions short of dismissal would be sufficient to cure the prejudice and secure Mr. Valerga's compliance with court orders in the future. It is difficult to ascertain how any lesser sanction could be effective, insofar as it is impossible for the Court to contact Mr. Valerga to advise him of what that lesser sanction is. Without an alternative means for communicating with Mr. Valerga – and no alternative is evident to the Court – dismissal is the only sanction that can cure the prejudice to the Defendants and the Court. Although involuntary dismissal under Fed. R. Civ. P. 41(a)(2) is never preferable to disposition on the merits, the Court finds that Mr. Valerga has effectively abandoned his lawsuit, thereby waiving any entitlement to a ruling on the merits.

Accordingly, the Court **ADOPTS** the Recommendation **(# 56)** for the reasons set forth herein. All claims in this case are **DISMISSED** for failure to comply with Local Rule 10.1(M). The Clerk of the Court shall close this case.

Dated this 12th day of September, 2011

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge